# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **INFECTIOUS DISEASE DOCTORS, P.A.** <br><br> **Plaintiff,** <br><br> vs. <br><br> **BLUECROSS BLUESHIELD OF TEXAS,** a Division of Health Care Service Corporation, et al. <br><br> **Defendants.** | Civil Action No.: <br><br> 3:13-cv-02920-L <br><br> Hon. Sam A. Lindsay |

## DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

In lieu of filing an answer defendant Blue Cross Blue Shield of Michigan ("BCBS Michigan") moves this Court to dismiss Plaintiff's First Amended Complaint (Dkt. No. 14) pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to sever the claims alleged against BCBS Michigan from the claims against the unrelated defendants, pursuant to Federal Rule of Civil Procedure 21, and to require a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  The grounds supporting BCBS Michigan's motion are explained in the accompanying brief.

Respectfully submitted,

THE LAW OFFICE OF PATRICIA A. NOLAN

*/s/Patricia Nolan*_____
Patricia A. Nolan
Texas Bar No. 15062550
700 N. Pearl Street, Suite 1610
Dallas, Texas  75201
214.377-8083 (Telephone)
214.377-9409 (Facsimile)

BODMAN PLC

/s/ James J Walsh
James J. Walsh (P27454)
(pro hac vice admission pending)
James J. Carty (P74978)
(pro hac vice admission pending)
201 South Division Street, Suite 400
Ann Arbor, MI 48104
(734) 761-3780

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **INFECTIOUS DISEASE DOCTORS, P.A.**<br><br>Plaintiff,<br><br>vs.<br><br>**BLUECROSS BLUESHIELD OF TEXAS,** a Division of Health Care Service Corporation, et al.<br><br>Defendants. | Civil Action No.:<br><br>3:13-cv-02920-L<br><br>Hon. Sam A. Lindsay |

**BRIEF IN SUPPORT OF DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION TO DISMISS**

Defendant Blue Cross Blue Shield of Michigan ("BCBS Michigan") submits the following brief in support of its motion to dismiss Plaintiff's First Amended Complaint (Dkt. No. 14) (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, to sever the claims alleged against BCBS Michigan from the claims against the unrelated defendants, pursuant to Federal Rule of Civil Procedure 21, and to require a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ....................................................................................................................... 2

LEGAL ARGUMENT ................................................................................................................. 3

   I.   IDD'S COMPLAINT DOES NOT CONTAIN SUFFICIENT FACTUAL MATTER TO STATE A CLAIM TO RELIEF THAT IS PLAUSIBLE ON ITS FACE AND SHOULD BE DISMISSED. ................................................................................................................ 3

   II.   IN THE ALTERNATIVE, IDD'S CLAIMS AGAINST BCBS MICHIGAN SHOULD BE SEVERED AND A MORE DEFINITE STATEMENT ORDERED. ......................................... 9

      a.   The Defendants' Status as Independent Licensees of the Blue Cross and Blue Shield Association is Irrelevant to IDD's Claims. ............................................................. 10

      b.   A More Definite Statement is Necessary ....................................................... 12

CONCLUSION .......................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 522 (5th Cir. 2010) ...................... 10

Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000).............................. 10, 12

Applewhite v. Reichhold Chems, Inc., 667 F.3rd 571, 574 (5th Cir. 1995).................................... 9

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)............................................... 5

Bailey v. Northern Trust Co., 196 F.R.D. 513, 515 (N.D.Ill. 2000)............................................. 10

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)passim

Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir.1994).............................................. 9

Center For Restorative Breast Surgery, et al. v. Blue Cross Blue Shield Of Louisiana, et al., Case No. 11-cv-806 (E.D.La.)................................................................................................. 7

Hibbets v. Lexington Ins. Co., CIV.A 07-5169, 2009 WL 1668505 (E.D. La. June 12, 2009) aff'd, 377 F. App'x. 352 (5th Cir. 2010) ............................................................... 5, 6, 7, 8

Lormand v. US Unwired, Inc., 565 F.3d 228, 257 (5th Cir. 2009) ............................................. 3, 5

McDowell v. Morgan Stanley & Co., Inc., 645 F. Supp. 2d 690, 697 (N.D. Ill. 2009) .......... 10, 12

Michel v. Sec. Alliance of Florida, LLC, 11-21127-CIV, 2011 WL 3878354 (S.D. Fla. Sept. 2, 2011)................................................................................................................................ 13

Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 130 (5th Cir. 1959) ......................................... 12

Response Oncology, Inc. v. MetraHealth Ins. Co., 978 F. Supp. 1052, 1065 (S.D. Fla. 1997) ...... 7

Sanctuary Surgical Ctr., Inc. v. United Healthcare, Inc., 10-81589-CIV, 2011 WL 2134534 (S.D. Fla. May 27, 2011) ..........................................................................................7, 11, 12

Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 387 (5th Cir. 2001) ........................... 9

**Rules**

Federal Rule of Civil Procedure 10(b)........................................................................................... 8

Federal Rule of Civil Procedure 12(e).....................................................................................9, 12

Federal Rule of Civil Procedure 20(a)(2) ...................................................................................... 9

Federal Rule of Civil Procedure 21 ............................................................................................... 9

Federal Rule of Civil Procedure 8(a) ..................................................................................3, 5, 11

**Treatises**

5 C. Wright & Miller, Federal Practice and Procedure § 1202 at 94, 95 (3d ed. 2004) ..................5

# INTRODUCTION

Plaintiff Infectious Disease Doctors, P.A. ("IDD") has filed a 5-count Amended Complaint against 28 insurance companies, including BCBS Michigan.[1] IDD seeks damages for medical services it allegedly provided to insureds of defendants. IDD asserts that these insureds were covered by unidentified ERISA-governed plans insured or administered by defendants.

Although BCBS Michigan is named a defendant in the Amended Complaint and IDD alleges that it has treated participants in health benefit plans underwritten by BCBS Michigan, the numbered paragraphs of the Amended Complaint do not contain any facts concerning any medical services allegedly provided to any subscribers of BCBS Michigan. It is impossible for BCBS Michigan to frame a meaningful answer, and to admit or deny pertinent allegations, when none of the relevant factual allegations are contained in the numbered paragraphs of the Amended Complaint. No insureds are identified. No member identification numbers are provided. The medical services provided to specific insureds are not described. There are no dates of service or amounts billed. The Amended Complaint also does not describe any specific actions allegedly taken by BCBS Michigan that would support any of the causes of action IDD has asserted. The Amended Complaint is a recitation of conclusory allegations inadequate under the Federal Rules of Civil Procedure. It cannot withstand the most basic scrutiny by the Court and should be dismissed with prejudice as to BCBS Michigan.

Alternatively, this Court should sever all claims against BCBS Michigan from those against the unrelated defendants and require IDD to provide a more definite statement of its claims against BCBS Michigan.

---

[1] Only two counts, Count 3, Violations of Section 502(a)(1)(B) of ERISA, and Count 4, Breach of Contract, are asserted against BCBS Michigan.

BRIEF IN SUPPORT OF BCBS MICHIGAN'S MOTION TO DISMISS - PAGE 2

## **LEGAL ARGUMENT**

I. **IDD'S COMPLAINT DOES NOT CONTAIN SUFFICIENT FACTUAL MATTER TO STATE A CLAIM TO RELIEF THAT IS PLAUSIBLE ON ITS FACE AND SHOULD BE DISMISSED.**

IDD's Amended Complaint consists entirely of conclusory allegations against all defendants, including BCBS Michigan. These "claims" rest on the unspecified terms of unidentified health insurance plans. IDD fails to identify a single health insurance plan or breached plan term in any part of the Amended Complaint. Nor is conduct specific to any one of the 28 defendants, except BlueCross BlueShield of Texas, pleaded in the Amended Complaint. There are no specific allegations of wrongdoing by BCBS Michigan. The extent of IDD's specific allegations regarding BCBS Michigan are five sentences which generally describe BCBS Michigan's business and geographical location. Complaint at ¶17. No other information specific to BCBS Michigan is pleaded. There are no facts about the medical treatments, the medical providers, the insureds, the plans that purportedly cover the insureds, the terms of those plans, or BCBS Michigan's relationship to those plans as an insurer or an administrator.

Federal Rule of Civil Procedure 8(a) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To avoid dismissal, plaintiff's factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Lormand v. US Unwired, Inc., 565 F.3d 228, 257 (5th Cir. 2009) (emphasizing that Twombly requires that factual allegations must be enough to raise a plausible right to relief). IDD has failed to provide factual statements in support of its claims that demonstrate it is entitled to relief.

In Count 3, for example, IDD alleges that:

> Section 502(a)(1)(B) of ERISA allows a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the term of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan to recover benefits due under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Amended Complaint ¶ 72.

Nowhere in the Amended Complaint, however, does IDD identify what specific services it provided, which physician provided the service to which patient, or the terms of the benefit plan that entitled the unidentified patients to the benefits they assigned IDD. Instead, IDD has attached a spreadsheet of incomplete data as an exhibit and said, essentially, "Figure it out." This makes it impossible for BCBS Michigan to frame a meaningful answer, and to admit or deny pertinent allegations, given that the numbered paragraphs of the Amended Complaint contain none of the relevant factual allegations.

Similarly, in Count 4, IDD alleges that:

> The services IDD and its physicians provided to Defendants' members are covered under the terms of those members' health benefit plans. Defendants have therefore breached the terms of those benefit plans by failing to pay IDD's claims for services that IDD provided to those members.

Amended Complaint ¶ 205.

Again, however, the ERISA plans are not identified. The coverages provided under those plans are not described. There are no facts concerning when or why BCBS Michigan denied coverage – if it was denied at all.

The allegations in IDD's Amended Complaint are purely conclusory and should be disregarded for Rule 12(b)(6) purposes because a viable complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint must contain sufficient factual matter to state a claim to

relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Court can find facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Twombly also cites 5 C. Wright & Miller, Federal Practice and Procedure § 1202 at 94, 95 (3d ed. 2004), which states that Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it." See Twombly, 550 U.S. at 555; see also Lormand, 565 F.3d at 257. In Twombly, the court upheld dismissal of the pleadings because "[a]part from identifying a seven-year span" they "mentioned no specific time, place, or person involved in the alleged conspiracies." Twombly, 550 U.S. at 565 n.10.

BCBS Michigan needs facts to determine whether the patients IDD treated were its insureds, what plans provided coverage for them, whether BCBS Michigan administered those plans, whether the medical procedures were benefits covered by the plans, and what coverage, if any, those plans provided for treatment by non-network providers.

The Eastern District of Louisiana and Fifth Circuit recently addressed a similarly deficient complaint in Hibbets v. Lexington Ins. Co., CIV.A 07-5169, 2009 WL 1668505 (E.D. La. June 12, 2009) aff'd, 377 F. App'x. 352 (5th Cir. 2010). In Hibbets, plaintiffs sued their insurer and alleged a total loss of their properties as a result of Hurricane Katrina. Id. at *1. Defendant moved to dismiss for failure to state a claim. Id. The complaint stated that plaintiffs' total loss was caused by a covered peril, but it did not state which peril. Id. It also did not contain factual allegations to support the assertion that the properties were total losses or to support a claim that defendant's insurer had acted in bad faith. Id. The district court stated that even after amending once, "the allegations regarding the two individual plaintiffs are void of any details." Id. at *4. The court wrote that:

BRIEF IN SUPPORT OF BCBS MICHIGAN'S MOTION TO DISMISS - PAGE 5

> The proposed amended complaint does nothing more than state that Lexington had certain responsibilities and duties, states the elements of those duties, and concludes that Lexington violated those duties. However, there are no factual allegations to explain how the plaintiffs' believe that Lexington breached those duties. …
>
> ***
>
> The plaintiffs' proposed amended complaint does nothing more than identify the elements of their causes of action and provides no factual allegations to connect the plaintiffs to those causes of action and an entitlement to relief.

Id. at *4-5. The Court dismissed the plaintiffs' claims with prejudice for failing to satisfy the Twombly standard. Id. at *5 (citing Twombly, 550 U.S. at 555) (internal quotations omitted).

In affirming Hibbets, the Fifth Circuit detailed the lack of specificity in the complaint:

> The First Amended Complaint is devoid of facts concerning when the Appellants submitted their claims to Lexington, when they were contacted by a claims adjuster, the nature of the damage to their properties, what amounts they contend that Lexington should have paid, and on what basis, other than their VPL claim, Lexington breached its contracts with them.

Hibbets v. Lexington Ins. Co., 377 F. App'x. 352, **3 (5th Cir. 2010). The Fifth Circuit rejected plaintiffs' argument on appeal that their complaint contained a valid breach of contract claim because it contained names, "insurance policy numbers, addresses for the insured properties, and a conclusory statement that they were underpaid by Lexington." Id. The court unequivocally stated that "[t]hese facts alone are insufficient to state a plausible breach of contract claim." Id.

The Eastern District of Louisiana also recently rejected this specific practice of pleading generalized claims against multiple Blue Cross plans in Center For Restorative Breast Surgery, et al. v. Blue Cross Blue Shield Of Louisiana, et al., Case No. 11-cv-806 (E.D.La.). The court ruled that a complaint-and-spreadsheet arrangement similar to the one at issue here was inadequate under the Federal Rules, then spelled out the level of detail that would be required in an amended complaint:

BRIEF IN SUPPORT OF BCBS MICHIGAN'S MOTION TO DISMISS - PAGE 6

> [T]he Court elects to require Plaintiffs to provide a more definite statement. "To comply with the notice requirements of Rules 8 and 10, [Plaintiffs] shall separate by count each individual claim, setting forth the patient (identified by initials); the specific insurance plan under which plaintiff is proceeding and whether it is an ERISA-governed plan or not; the dates of treatment at plaintiff's facility; the amount of alleged incurred charges; the amount of charges allegedly remaining outstanding; and the amount of benefits sought on behalf of that patient." Kindred Hospital East, 2007 WL 601749, at *4. Additionally, for claims based on plans governed by ERISA, Plaintiffs shall identify the specific plan terms allegedly breached and the manner of their breach (so, for example, claims relating to denied appeals should contain allegations concerning the appeal of that claim). See Sanctuary Surgical Centre, 2012 WL 28263, at *3.

Center For Restorative Breast Surgery, et al. v. Blue Cross Blue Shield Of Louisiana, et al., *1-2, Case No. 11-cv-806, Order & Reasons, Dkt. No. 230 (E.D.La. September 30, 2013) (attached as **Exhibit A**).

Here, as in Hibbets and Center For Restorative Breast Surgery, IDD has failed to provide sufficient factual information to demonstrate a valid ERISA claim. A claim for benefits under ERISA requires that the complaint allege "the identity of the ERISA plan, the plan administrator or fiduciary of that plan … the basis for liability of the defendant sued pursuant to ERISA … and whether the claims were self-insured or fully insured." Response Oncology, Inc. v. MetraHealth Ins. Co., 978 F. Supp. 1052, 1065 (S.D. Fla. 1997) order clarified on reconsideration, Response Oncology, Inc. v. MetraHealth Ins. Co., 96-1772-CIV, 1997 WL 33123678 (S.D. Fla. Nov. 6, 1997). Providing details by way of "a later filed affidavit or in an opposition memorandum" is insufficient. Id.

Like Hibbets, this is a claim against an insurer without the required facts concerning the covered persons, the covered events, or the subsequent attempts to obtain payment. The exhibit that accompanies the Amended Complaint fails to cure these deficiencies. Even assuming *arguendo* that information provided in an exhibit could somehow substitute for numbered

BRIEF IN SUPPORT OF BCBS MICHIGAN'S MOTION TO DISMISS - PAGE 7

allegations, the attached spreadsheet is plainly inadequate. It contains no information about the specific services provided, which physician provided the service to which patient, what – if any – ERISA plan covered the patient, who the plan administrators or fiduciaries are, and/or the terms of the benefit plan that entitled the unidentified patients to the benefits they assigned IDD. The exhibit also does not mention any specific time, place, or plan involved in the purported causes of action – the lack of which the Supreme Court specifically cited as justification for the dismissal of the complaint in Twombly. As the Fifth Circuit observed in affirming the dismissal in Hibbets, providing insurance policy numbers and other unconnected information along with a conclusory statement is insufficient to state a plausible claim. Hibbets, 377 F. App'x. at **3.

In addition, Federal Rule of Civil Procedure 10(b) requires that the contents of each paragraph be limited, as far as practicable, to stating a single set of circumstances. IDD's Amended Complaint makes general allegations against all of the named defendants for separate transactions and occurrences. IDD fails to separate each alleged act per each separate defendant into individually numbered paragraphs. It is impossible to ascertain from the Amended Complaint whether each defendant committed all or some of the specified acts. IDD's Amended Complaint does not "contain a short and plain statement of the claim, only legal conclusions of such generality as to fail to give fair notice" to BCBS Michigan. Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 387 (5th Cir. 2001).

IDD's vague and conclusory allegations are a violation of Federal Rules 8 and 10, and the scant allegations do not identify any plausible claim or grounds upon which IDD is entitled to relief. IDD's mass pleading is an attempt to avoid the time and work necessary to litigate against individual unconnected defendants. The federal rules do not permit IDD to litigate in such a manner purely for its own convenience. As such, this Court should dismiss IDD's Amended Complaint.

## II.  IN THE ALTERNATIVE, IDD'S CLAIMS AGAINST BCBS MICHIGAN SHOULD BE SEVERED AND A MORE DEFINITE STATEMENT ORDERED.

If the Court believes that dismissal is not appropriate, BCBS Michigan requests that IDD's claims against BCBS Michigan be severed from the claims against other defendants and that IDD be required to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  Federal Rule of Civil Procedure 21 requires severance of improperly joined parties. "The trial court has broad discretion to sever issues to be tried before it." Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir.1994).  Here, IDD has misjoined the unrelated defendants in this action in violation of Federal Rule of Civil Procedure 20(a)(2). IDD does not assert any right to relief against defendants jointly or severally.  Absent joint and several liability on behalf of the defendants, Rule 20 restricts the right to join parties in one action to those circumstances where (1) the right to relief is based on the same transaction or occurrence, or (2) the right to relief is based on a series of transactions and occurrences; and there exists a common question of law or fact with respect to all parties. Applewhite v. Reichhold Chems, Inc., 667 F.3rd 571, 574 (5th Cir. 1995);  Where neither of these prerequisites is satisfied, parties to a lawsuit are misjoined and may be severed under Federal Rule of Civil Procedure 21. Bailey v. Northern Trust Co., 196 F.R.D. 513, 515 (N.D.Ill. 2000).

Although the preconditions for permissive joinder are construed generously, the Court possesses broad discretion to sever parties based on misjoinder.  Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000) overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003). Courts also "have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims." Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 522 (5th Cir. 2010).  Defendants' *similar* conduct, without anything more, does not rise

to a sufficient level that would justify joining those defendants in a single action pursuant to Federal Rule of Civil Procedure 20.  McDowell v. Morgan Stanley & Co., Inc., 645 F. Supp. 2d 690, 697 (N.D. Ill. 2009).

### a. The Defendants' Status as Independent Licensees of the Blue Cross and Blue Shield Association is Irrelevant to IDD's Claims.

Rather than go through the difficulty of pleading specific facts and litigating individual claims against individual defendants, IDD has attempted to bring together a group of 28 defendants with nothing in common except their line of business and the fact they are independent licensees of the Blue Cross and Blue Shield Association.  This grouping is as nonsensical as attempting to group 28 independent McDonald's franchisees together in a suit alleging each individual franchise hasn't paid its beef bill to a local supplier.

In Twombly, the Supreme Court addressed the pleading requirements for an antitrust claim showing restraint of trade.  The Court stressed that the complaint must plead specific facts to show concert of action because "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."  Id. at 557.  The Supreme Court explained that:

> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." A parallel conduct allegation gets the § 1 complaint close to stating a claim, but without further factual enhancement it stops short of the line between possibility and plausibility. The requirement of allegations suggesting an agreement serves the practical purpose of preventing a plaintiff with " 'a largely groundless claim' " from " 'tak[ing] up the time of a number of other people, **with the right to do so representing an in terrorem increment of the settlement value**.'"

Id. at 545-46 (emphasis added).

This basic logic is not confined to the antitrust realm. Here, IDD is attempting to tie up 28 unrelated defendants in a case consisting of purely individual claims without stating any facts that show concert of action or conspiracy. To allow IDD to continue on this path is to give them the ability to do exactly what the Supreme Court warned against in Twombly – take a largely groundless claim and threaten to take up the time of 28 unrelated companies "with the right to do so representing an in terrorem increment of the settlement value." Id. The issue is not whether all 28 defendants are independent licensees of the Blue Cross and Blue Shield Association, but whether IDD can demonstrate at some minimal level by factual allegations that there is a common question of law or fact with respect to all parties, whether through their status as independent licensees or some other link. IDD falls far short of meeting this requirement.

A nearly identical pleading strategy was recently rejected by the District Court for the Southern District of Florida in Sanctuary Surgical Ctr., Inc. v. United Healthcare, Inc., 10-81589-CIV, 2011 WL 2134534 (S.D. Fla. May 27, 2011). As in this case, a medical service provider attempted to join otherwise unrelated insurance companies in a suit seeking to recover payment of benefits allegedly due under subscribers' health plans. Id. Plaintiff alleged that defendants had engaged in similar conduct (in Sanctuary, first approving and then later denying claims). The court recognized, however, that, "the complaint does not allege that the defendants acted in concert with one another or otherwise shared some connection with one another. Rather, the complaint simply alleges that different insurance companies applied the terms of different insurance plans to reach the same conclusion[.]" Id. at *4. The court cited Alexander and McDowell in holding that "[b]ecause there is no relationship between defendants' alleged conduct, the requirements for joinder are not met." Id. The court then concluded that "the defendants must be severed into separate lawsuits." Id.

Here, there are no allegations that the defendants have engaged in anything other than similar conduct. As in Sanctuary, the Amended Complaint does not allege that the defendants acted in concert or shared any other connection. These defendants are different companies that have applied the terms of their different plans to come to the same conclusions. This court should find that the requirements for joinder have not been met under Federal Rule of Civil Procedure 20 and, as in Sanctuary, sever this action into separate lawsuits under Federal Rule of Civil Procedure 21.

### b. A More Definite Statement is Necessary

Further, because IDD's Amended Complaint fails to set forth enough factual information to outline the elements of its claims or permit BCBS Michigan to respond, the Court should order IDD to provide a more definite statement of its Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(e). Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 130 (5th Cir. 1959) (Under 12(e) the Court must determine whether the complaint is such that "a party cannot reasonably be required to frame a responsive pleading.")

This statement should separate by count each individual claim, setting forth the patient (identified by initials); the specific insurance plan under which IDD is proceeding and whether it is an ERISA-governed plan or not; the dates of treatment at IDD's facility; the amount of alleged incurred charges; the amount of charges allegedly remaining outstanding; and the amount of benefits sought on behalf of that patient. This must be done in an amended complaint. An exhibit attached to a complaint cannot substitute for specific factual allegations in the complaint. A defendant must be able to admit or deny individual allegations listed in numbered paragraphs in a complaint. Michel v. Sec. Alliance of Florida, LLC, 11-21127-CIV, 2011 WL 3878354 (S.D. Fla. Sept. 2, 2011) ("It is simply impossible for [defendant] to frame a meaningful answer, and to admit or deny pertinent allegations, when none of the relevant factual allegations are

contained in the numbered paragraphs to which [defendant] must respond.")  Moreover, for claims based on plans governed by ERISA, IDD should identify the specific plan terms allegedly breached and the manner of breach (so, for example, claims relating to denied appeals should contain allegations concerning the appeal of that claim).

## CONCLUSION

BCBS Michigan respectfully requests that the Court issue an order: (1) dismissing all counts of the Amended Complaint with prejudice as to BCBS Michigan; (2) in the alternative, severing all claims against BCBS Michigan and requiring IDD to provide a more definite statement identifying the patients (through initials and member numbers), plans, plan administrators, medical conditions and medical treatments at issue, any administrative records, and the reasons the alleged benefit denials were wrongful; and (3) for any other such relief as this Court deems just and proper.

Respectfully submitted,

THE LAW OFFICE OF PATRICIA A. NOLAN

/s/Patricia Nolan_____
Patricia A. Nolan
Texas Bar No. 15062550
700 N. Pearl Street, Suite 1610
Dallas, Texas  75201
214.377-8083 (Telephone)
214.377-9409 (Facsimile)

BODMAN PLC

/s/ James J Walsh_____
James J. Walsh (P27454)
(pro hac vice admission pending)
James J. Carty (P74978)

BRIEF IN SUPPORT OF BCBS MICHIGAN'S MOTION TO DISMISS - PAGE 13

(pro hac vice admission pending)
201 South Division Street, Suite 400
Ann Arbor, MI  48104
(734) 761-3780

## CERTIFICATE OF SERVICE

I certify that on December 9, 2013, I caused to be served copies of the **Defendant Blue Cross Blue Shield Of Michigan's Motion To Dismiss and Brief in Support** to all attorneys of record registered with the court's electronic filing system via the court's electronic filing system.

*/s/ Patricia A. Nolan*
Texas Bar No. 15062550
700 N. Pearl Street, Suite 1610
Dallas, Texas  75201
214.377-8083 (Telephone)
214.377-9409 (Facsimile)