IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **INFECTIOUS DISEASE DOCTORS, P.A.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-2920-L** |
| | § | |
| **BLUECROSS BLUESHIELD OF TEXAS,** | § | |
| **A DIVISION OF HEALTH CARE** | § | |
| **SERVICE CORPORATION, et al.** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are (1) Defendant Blue Cross Blue Shield of Michigan's ("BCBS Michigan") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 33), filed December 9, 2013; (2) BCBS Michigan's Motion to Sever (Doc. 33), filed December 9, 2013; (3) BCBS Michigan's Motion to Require a More Definite Statement (Doc. 33), filed December 9, 2013; and (4) Defendants Blue Cross Blue Shield of Georgia, Blue Cross Blue Shield of Connecticut, Blue Cross Blue Shield of Ohio, and Blue Cross Blue Shield of Virginia's (collectively "Anthem Defendants") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 57), filed January 1, 2013. After careful consideration of the motions, pleadings, and applicable law, the court (1) **grants** BCBS Michigan's Motion to Dismiss; (2) **denies without prejudice** BCBS Michigan's Motion to Sever; (3) **denies as moot** BCBS Michigan's Motion to Require a More Definite Statement; and (4) **grants** Anthem Defendants' Motion to Dismiss. The court, however, will allow Plaintiff an additional 30 days to file an amended complaint and comply with the standards set forth in this opinion.

**Memorandum Opinion and Order - Page 1**

I.      **Factual and Procedural Background**

A.      **Procedural Background**

On July 26, 2013, Plaintiff Infectious Disease Doctors' ("Plaintiff" or "IDD") filed its Complaint against Blue Cross Blue Shield of Texas ("BCBSTX").  On October 8, 2013, Plaintiff filed its First Amended Complaint against BCBSTX and added BCBS Michigan and Anthem Defendants.[1]  Plaintiff alleges breach of contract claims, Texas Insurance Code violations, Employee Retirement Income Security Act ("ERISA") violations, and Federal Employee Health Benefit Plan Act ("FEHBA") violations.  Plaintiff seeks (1) damages; (2) statutory penalties and interest; (3) unpaid benefits submitted to IDD on an out-of-network basis; (4) costs and attorney's fees; and (5) pre- and post-judgment interest.   On December 9, 2013, BCBS Michigan filed its Motion to Dismiss, Motion to Sever, and Motion for More Definite Statement with Brief in Support (Doc. 33). On January 1, 2014, Anthem Defendants filed its Motion to Dismiss (Doc. 57).

B.      **Factual Background**

IDD is an infectious disease practice that consists of eleven doctors.  IDD seeks payment from BCBSTX and other Blue Cross Blue Shield ("BCBS") entities for services rendered by its doctors.  BCBSTX is a network provider for nine of the eleven IDD doctors.  All of the unpaid claims arise from services that doctors provided in Texas, including services provided to patients with out-of-state BCBS insurance plans.  Plaintiff argues that IDD properly submitted the unpaid claims to BCBSTX, even though some of the patients held out-of-state plans because the doctors provided the services in Texas.  Specifically, Plaintiff contends that the BCBS license creates the

_____

[1] Plaintiff's First Amended Complaint added 27 additional defendants. As of the date of this opinion, BCBSTX, BCBS Michigan, and Anthem Defendants are the only defendants that remain parties to this action.

Memorandum Opinion and Order - Page 2

"Blue Card" program, enabling members to travel outside their home plan's service area and receive the same benefits.  Plaintiff argues that healthcare providers should submit claims for payment to the BCBS provider located in the state where doctors provided the services; this is referred to as the host plan.  The host plan prices the claims, but the out-of-state BCBS carriers are ultimately responsible for paying the claims.

Plaintiff alleges that BCBSTX failed to pay IDD for claims submitted between 2009 through 2013.  In 2009, BCBSTX audited IDD.  During this time, a dispute between  IDD's former office manager and a BCBSTX fraud investigator arose.  After the confrontation, Plaintiff contends that BCBSTX flagged IDD's account in BCBSTX's claims processing system, which prevented IDD from receiving payment.  On January 31, 2013, BCBSTX and IDD met to  resolve their dispute.  On February 11, 2013, BCBSTX sent IDD a letter that stating that BCBSTX removed IDD from its "pre-pay review" status.  IDD received payment for claims submitted subsequent to BCBSTX's letter; however, Plaintiff contends that it has not received payment for claims submitted before the letter, which specifically pertains to claims submitted between 2009 and 2013.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III. Analysis

### A. BCBS Michigan's Claims

#### 1. BCBS Michigan's Motion to Dismiss

BCBS Michigan argues that Plaintiff fails to survive Rule 12(b)(6) because it does not plead sufficient facts to provide BCBS Michigan with an opportunity to respond. After reviewing the Plaintiff's First Amended Complaint, the court determines that Plaintiff has not pleaded enough facts

to state a claim that is plausible on its face in accordance with Rule 12(b)(6) and the standards set forth in *Twombly* and *Iqbal*.

Plaintiff fails to provide BCBS Michigan with facts specifying: (1) the patients that are covered by BCBS Michigan plans; (2) the treatments these patients received; (3) the terms of the patients' insurance plan; and (4) the IDD doctors that performed services for these patients.[2]  The court agrees with BCBS Michigan that Plaintiff's conclusory allegations fail to provide BCBS Michigan with sufficient notice as to why Plaintiff is entitled to relief from BCBS Michigan.

The court **grants** BCBS Michigan's Motion to Dismiss Plaintiff's claims. The court will allow Plaintiff 30 days to file an amended complaint. Accordingly, Plaintiff's amended complaint shall be filed no later than **September 29, 2014**. If Plaintiff fails to file its amended complaint by this date, the court will dismiss with prejudice Plaintiff's claims pursuant to Rule 12(b)(6) or without prejudice pursuant to Rule 41(b) for failure to prosecute or comply with a court order.

### 2. BCBS Michigan's Motion to Sever

BCBS Michigan asks the court, in the alternative, to sever Plaintiff's claims against it, arguing its conduct does not justify joinder in a single action.  Because the court grants BCBS's Motion to Dismiss, the court **denies without prejudice** BCBS Michigan's motion to sever.  Once the Plaintiff provides the court and BCBS Michigan with additional facts, BCBS Michigan may file a motion to sever with more specificity.

---

[2] The court acknowledges that Plaintiff attaches tables in Exhibits 1, 2, 3, and 4, listing patients and accompanying information.  The tables, however, only sometimes list the location of the home plan and only sometimes list the physician that provided the care.  Plaintiff does not survive the pleading standard in Rule 12(b)(6) by requiring BCBS Michigan to go on a fact-gathering mission of its own to decipher Plaintiff's claims.

Memorandum Opinion and Order - Page 6

### 3. BCBS Michigan's Motion for More Definite Statement

BCBS Michigan also asks the court, in the alternative, to grant its motion for a more definite statement because Plaintiff's First Amended Complaint fails to provide BCBS Michigan with sufficient facts to respond.  Given the court's decision to grant BCBS Michigan's Motion to Dismiss, the court **denies as moot** BCBS Michigan's Motion for More Definite Statement

### B.      Defendant Anthem's Motion to Dismiss

Defendant Anthem similarly argues that Plaintiff fails to survive the 12(b)(6) pleading standard set forth in *Twombly* and *Iqbal*.  The court **grants** Defendant Anthem's Motion to Dismiss for the same reasons it grants BCBS Michigan's Motion to Dismiss.  Even when viewing the allegations in the light most favorable to Plaintiff, Plaintiff's First Amended Complaint does not meet the standard set forth in Section II of this opinion.  As previously stated, the court will allow Plaintiff 30 days to file its amended complaint.  Plaintiff's amended complaint shall be filed no later than **September 29, 2014**.  If Plaintiff fails to file its amended complaint by this date, the court will dismiss with prejudice Plaintiff's claims pursuant to Rule 12(b)(6) or without prejudice pursuant to Rule 41(b) for failure to prosecute or comply with a court order.

### IV.    Conclusion

For the reasons herein stated, the court (1) **grants** BCBS Michigan's Motion to Dismiss; (2) **denies without prejudice** BCBS Michigan's Motion to Sever; (3) **denies as moot** BCBS Michigan's Motion for More Definite Statement; and (4) **grants** Defendant Anthem's Motion to Dismiss.  Furthermore, the court will allow the Plaintiff 30 days to file an amended complaint. Plaintiff's amended complaint shall be filed no later than **September 29, 2014**. If Plaintiff fails to file its amended complaint by this date, the court will dismiss with prejudice Plaintiff's claims

pursuant to Rule 12(b)(6) or without prejudice pursuant to Rule 41(b) for failure to prosecute or comply with a court order.

      **It is so ordered** this 29th day of August, 2014.

                                    Sam A. Lindsay
                                    United States District Judge

**Memorandum Opinion and Order - Page 8**