IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INFECTIOUS DISEASE DOCTORS, P.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-2920-L** |
| | § | |
| BLUECROSS BLUESHIELD OF TEXAS, | § | |
| A DIVISION OF HEALTH CARE | § | |
| SERVICE CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant Blue Cross Blue Shield of Michigan's ("BCBS Michigan")

Motion to Dismiss (Doc. 93), filed October 31, 2014.  After careful consideration of the motions,

pleadings, and applicable law, the court **denies** Defendant Blue Cross Blue Shield of Michigan's

Motion to Dismiss.

## I.    Factual and Procedural Background

### A.    Procedural Background

On July 26, 2013, Plaintiff Infectious Disease Doctors P.A. ("Plaintiff" or "IDD") filed its

Complaint against Blue Cross Blue Shield of Texas ("BCBSTX").  On October 8, 2013, Plaintiff

filed its First Amended Complaint against BCBSTX and added additional defendants.  On May 15,

2015, the court granted Plaintiff's Stipulation of Dismissal, which dismissed BCBSTX and Blue

Cross Blue Shield of Illinois as defendants from this action.  On August 12, 2015, Plaintiff dismissed

the Anthem Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and, in light of this dismissal, the court will deny as moot the Anthem Defendants' pending motion to dismiss. BCBS Michigan is the only remaining defendant in this action.

On August 29, 2014, the court granted BCBS Michigan's Motion to Dismiss Plaintiff's First Amended Complaint, because Plaintiff failed to allege the following: (1) the patients covered by the insurance plans; (2) the treatments these patients received; (3) the terms of the patients' insurance plan; and (4) the IDD doctors that performed services for these patients. The court, however, allowed Plaintiff an opportunity to amend. On September 29, 2014, Plaintiff filed its Second Amended Complaint (Doc. 87), which BCBS Michigan moves to dismiss.

### B.      Factual Background

IDD is an infectious disease practice that consists of eleven doctors. IDD seeks payment from BCBSTX and other Blue Cross Blue Shield ("BCBS") entities for services rendered by its doctors. BCBSTX is a network provider for nine of the eleven IDD doctors. Plaintiff alleges that all of the unpaid claims arise from services that doctors provided in Texas, including services provided to patients with out-of-state BCBS insurance plans. Plaintiff asserts that IDD submitted the unpaid claims to BCBSTX, including those claims that related to patients holding out-of-state plans.

Plaintiff asserts that the BCBS license creates the "Blue Card" program, enabling members to travel outside their state's service area and receive the same benefits. Plaintiff argues that healthcare providers submit claims for payment to the "host plan," the BCBS provider located in the state where doctors provide the services. The host plan prices the claims, but the out-of-state BCBS carriers are ultimately responsible for paying the claims. Accordingly, Plaintiff alleges that it

submitted its claims to BCBSTX, as the host plan, but that the Anthem Defendants and BCBS

Michigan are ultimately liable for the claims associated with their patients' plans.

The basis for this action arises from a dispute between Plaintiff and BCBSTX.  Plaintiff

alleges that BCBSTX failed to pay IDD for claims submitted between 2009 through 2013.  In 2009,

BCBSTX audited IDD.  During this time, a dispute between  IDD's former office manager and a

BCBSTX fraud investigator arose.  After the confrontation, Plaintiff contends that BCBSTX flagged

IDD's account in BCBSTX's claims processing system, which prevented IDD from receiving

payment.  On January 31, 2013, BCBSTX and IDD met to  resolve their dispute.  On February 11,

2013, BCBSTX sent IDD a letter stating that BCBSTX removed IDD from its "pre-pay review"

status.  IDD received payment for claims submitted subsequent to BCBSTX's letter; however,

Plaintiff contends that it has not received payment for claims submitted before the letter, which

specifically pertains to claims submitted between 2009 and 2013.

Plaintiff brings suit against the BCBS Michigan for violations of section 502(a)(1)(B) of

ERISA and breach of contract.  According to Plaintiff, its claim for ERISA violations relates only

to BCBS Michigan's failure to pay IDD's out-of-network claims, while Plaintiff's breach of contract

relates only to plans that are not subject to ERISA.

## II.      Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517

F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.

2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not

attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.   Analysis

BCBS Michigan contends that Plaintiff failed to comply with the court's Memorandum Opinion and Order (Doc. 86), filed August 29, 2014, which permitted Plaintiff to amend its complaint and correct the pleading deficiencies pointed out by the court. BCBS Michigan moves

to dismiss Plaintiff's claims for ERISA violations and breach of contract.  The court evaluates each of these claims in turn.

### A.      ERISA Violations

BCBS Michigan argues that Plaintiff failed to plead the relevant terms of the patients' insurance plans.  Plaintiff, on the other hand, argues it has stated a claim upon which relief can be granted and that BCBS Michigan attempts to impose a burden that is too stringent at this stage of the litigation.

IDD sues BCBS Michigan for ERISA violations under  29 U.S.C. § 1132(a)(1)(B), which allows a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ."  Plaintiff asserts that: (1) IDD's patients assigned their benefits to IDD; (2) IDD submitted these patients' claims to BCBSTX; and (3) BCBSTX's failure to pay violated the terms of these plans. Plaintiff also attaches tables identifying the patient name, the policy number, the group number, the name of the physicians, the home state, the billed amount, and the MRN.  Pl.'s Sec. Am. Compl. Ex. 3.[1]  BCBS Michigan argues that Plaintiff must include the terms of the insurance plan and additionally contends that the tables provided by Plaintiff are incomplete.

On July 6, 2015, IDD filed Plaintiff's Notice of Supplemental Authority (Doc. 106) to ensure that the court was made aware of the Fifth Circuit's recent partial reversal of a case cited by BCBS Michigan.  *See Electrostim Medical Servs. v. Health Care Serv. Corp.*, No. 13-20649, 2015 WL

---

[1] Although Plaintiff does not define the column designated "MRN," the court believes this column refers to the medical record number associated with the claim at issue.

**Memorandum Opinion and Order - Page 6**

3745291, at *12 (5th Cir. June 16, 2015).  Specifically, in *Electrostim*, the Fifth Circuit held that the

district court wrongly dismissed the plaintiff's breach of contract claim and stated that:

> Electrostim alleged the existence and validity of the provider agreement and attached
> a copy. Electrostim alleged that it performed under the agreement by providing its
> services and products to subscribers. Electrostim further alleged that BCBSTX
> breached a specific provision of the agreement    the provision obligating BCBSTX
> to pay Electrostim's claims for covered products and services.

*Electrostim Medical Servs*, 2015 WL 3745291, at *6 (citation omitted).  Although this excerpt

relates to the plaintiff's breach of contract claim and not its claim for ERISA violations, the court

finds this analysis instructive, as the requirements for pleading ERISA violations under 29 U.S.C.

§ 1132(a)(1)(B) are similar to the elements for pleading a breach of contract claim.[2]

   *Electrostim* also undermines Defendant's reliance on *Innova Hosp. San Antonio, L.P. v. Blue*

*Cross and Blue Shield of Georgia*, No. 12-1607 (N.D. Tex. July 21, 2014) (O'Connor, J.), Def.'s

App. 1-29, Ex. A.   *Innova* held that "to assert a claim for benefits under ERISA, a plaintiff must

identify a specific plan term that confers the benefits in question."  *Id.* (citation omitted).  The court,

however, determines that, under the circumstances of this case and in light of the analysis in

*Electrostim*, Plaintiff has pleaded sufficient facts to state a claim upon which relief can be granted.

Plaintiff alleges that BCBS Michigan was "required, by the terms of their members' health benefit

---

[2] The Fifth Circuit held that the district court properly dismissed plaintiff's claims for certain ERISA violations, because the plaintiff did not sufficiently allege that it was a participant or beneficiary under ERISA. This is not a basis for the court's dismissal of IDD's complaint because IDD alleges that it received valid assignments of benefits from patients. *Cf. Electrostim Medical Servs*, 2015 WL 3745291, at *9 ("The complaint did not, however, allege any such assignments. Therefore, Electrostim's ERISA claim failed because Electrostim did not plausibly allege that it was a participant, beneficiary, or assignee entitled to assert a claim under 29 U.S.C. § 1132(a)(1)(B).").  BCBS Michigan discusses this in its Response to Plaintiff's Notice of Supplemental Authority (Doc. 107), filed July 6, 2015, and argues that *Electrostim* is not applicable to the court's analysis of Plaintiff's claims for ERISA violations.  The court, however, determines that the Fifth Circuit's analysis, while not directly applicable, is helpful in determining whether Plaintiff adequately pleaded its claim for ERISA violations.

plans that they administer, to pay IDD for its services" and submitted detailed tables in further support of its claims. Pl.'s Sec. Am. Compl. ¶ 68.

The court notes that prior decisions by this court and its companion courts support its determination that IDD adequately pleaded its claims. *See Encompass Office Solutions, Inc. v. Conn. Gen. Life Ins. Co.*, No. 11-2487, 2012 WL 3030376, at *8 (N.D. Tex. July 25, 2012) (Lindsay, J.); *Encompass Office Solutions, Inc. v. BlueCross BlueShield of Texas*, No. 11-01471, ECF Doc. 36, 10-11 (N.D. Tex. Jan. 10, 2012) (Solis, J.) ("Viewing all of the factual allegations in the complaint in a light most favorable to the non-movant, the Court finds that Encompass has alleged sufficient facts to state a plausible ERISA-based claim for relief.").

The plaintiff in *Connecticut General* submitted nearly identical tables as the ones submitted by IDD in this case. *See* Pl.'s First Am. Compl. Ex. 3.[3] *Connecticut General* held that "the facts pleaded by Encompass regarding Defendants' failure to pay for services rendered, together with the information attached to its pleadings regarding specific patients, services, and health care plans, is sufficient at this stage to state a contract claim to defeat a Rule 12(b)(6) motion." 2012 WL 3030376 at *8. While the claim at issue was one for breach of contract, this case is nonetheless persuasive, as IDD pleaded nearly identical facts to support its claim for ERISA violations. The court is hard-pressed to find any other appreciable distinction between the two cases to justify contrary results and will deny BCBS Michigan's motion to dismiss for the reasons herein stated. Accordingly, in light of this analysis and the recent Fifth Circuit authority, the court determines that Plaintiff's allegations

---

[3] The table that the plaintiff used in *Encompass* included patients' names, policy numbers, group numbers, dates of service, and cost of services. *Encompass* determined that "the facts pleaded by [plaintiff] regarding Defendants' failure to pay for services rendered, together with the information attached to its pleadings regarding specific patients, services, and health care plans, is sufficient at this stage to state a contract claim to defeat a Rule 12(b)(6) motion." 2012 WL 3030376, at *8. The table attached to IDD's pleadings includes more information than the tables at issue in *Encompass*.

**Memorandum Opinion and Order - Page 8**

are "sufficiently detailed to permit the reasonable inference that the defendant is liable for the misconduct alleged." *Electrostim Medical Servs*, 2015 WL 3745291, at *6.[4]

### B.     Breach of Contract

BCBS Michigan also contends that Plaintiff fails to state a facially plausible claim for breach of contract.  IDD argues that it has alleged sufficient facts to establish that the plans covered the services rendered by the IDD physicians and, in its notice of supplemental authority, directs the court's attention to the Fifth Circuit's analysis under *Electrostim*.

Under Texas law, the essential elements for a breach of contract claim are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.  *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

IDD alleges similar facts as those alleged in *Connecticut General* and *Electrostim*, and, as a result, the court determines that Plaintiff has adequately pleaded facts to support its breach of contract claim.  In *Connecticut General*, the court determined that the tables submitted by the plaintiff were sufficient to defeat a Rule 12(b)(6) motion, and, in this case, IDD has submitted nearly identical tables.  Additionally, in *Electrostim*, the plaintiff alleged "the existence and validity of the provider agreement and attached a copy"; "it performed under the agreement by proving its services and products"; and that "BCBSTX breached a specific provision of the agreement   the provision

---

[4] Although the court previously admonished Plaintiff to plead the specific terms of the plans, it takes *Electrostim*'s analysis as instructive.  In *Electrostim*, the district court had dismissed the plaintiff's breach of contract claim because "it believed that [the plaintiff] had failed to provide a basis for inferring that the services [plaintiff] had rendered were covered services"; however, the Fifth Circuit determined that the allegations were sufficient.  2015 WL 3745297 at *6.  BCBS Michigan requests that the court dismiss Plaintiff's claim for ERISA violations for substantially the same reason that the district court dismissed the plaintiff's breach of contract claim in *Electrostim*.  For this reason, *Electrostim*, which the Fifth Circuit decided after this court issued its motion to dismiss, greatly influences the court's analysis of Plaintiff's claim  for ERISA violations.

**Memorandum Opinion and Order - Page 9**

obligating BCBSTX to pay Electrostim's claims for covered products and services." 2015 WL 3745291 at *6. Considering these allegations, *Electrostim* determined that the plaintiff had pleaded sufficient facts to support a claim for breach of contract.

IDD alleges that "[t]he services IDD and its physicians provided to Defendants' members are covered under the terms of those members' health benefit plans" and that "IDD asserts this claim only as to claims it submitted for patients whose health benefit plan is not subject to ERISA . . . ." Sec. Am. Compl. ¶ 70. IDD's pleadings are substantially similar to the pleadings evaluated in *Connecticut General* and *Electrostim*. Viewing the allegations in the light most favorable to Plaintiff, the court determines that they permit "the reasonable inference that [Defendant] breached the [agreement] by failing to pay claims for covered services" and will deny BCBS Michigan's motion to dismiss. *See Electrostim*, 2015 WL 3745291 at *6.

## IV.    BCBS Michigan's Alternative Request for Severance and a More Definite Statement

BCBS alternatively requests that the court sever BCBS Michigan from the other defendants pursuant to Federal Rule of Civil Procedure 21 and that the court require IDD to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). As to its request for severance, the court notes that BCBS Michigan is the only remaining defendant in this action, and, therefore, the court **denies as moot** BCBS Michigan's request for a severance. Additionally, as the court has already determined that Plaintiff has alleged sufficient facts to assert claims for ERISA violations and breach of contract against BCBS Michigan, the court **denies** BCBS Michigan's request for a more definite statement.

**Memorandum Opinion and Order - Page 10**

V.      **Conclusion**

For the reasons herein stated, the court **denies** Defendant Blue Cross Blue Shield of Michigan's ("BCBS Michigan") Motion to Dismiss (Doc. 93). Moreover, in light of Plaintiff's dismissal of the Anthem Defendants pursuant to Federal Rule of Civil Procedure 41(a)(I), the court **denies as moot** Anthem Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 90), filed October 13, 2014.

*In light of its ruling herein, the court* **orders** *the parties to inform it of their prospects of settlement by* **August 28, 2015**. *BCBS Michigan is the only remaining defendant, and given the age of this case and the complexity of the issues, the court strongly urges the parties to reach a settlement. This litigation, unless resolved, will be protracted and quite expensive, and all parties would benefit by a solution that does not require a trial of the issues.*

**It is so ordered** this 21st day of August, 2015.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 11**